NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLEGHENY PLANT SERVICES, INC., | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 14-4265 (KM) |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| CAROLINA CASUALTY INSURANCE COMPANY, et al., | : | |
| | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Plaintiff Allegheny Plant Services, Inc.'s ("Plaintiff") Motion for Leave to File an Amended Complaint. [Dkt. No. 114]. Plaintiff seeks to amend its complaint to add Third-Party Defendant, Wells Fargo Insurance Services USA, Inc. ("Wells Fargo"), as a direct defendant in this matter. Wells Fargo has filed opposition to Plaintiff's motion. [Dkt. No. 117]. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion, and considers this motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is **GRANTED**.

**BACKGROUND**

The facts underlying the present claim are rooted in a policy of commercial transportation insurance issued by Carolina Casualty Insurance Company ("Carolina Casualty") to Plaintiff. On January 18, 2007, an employee of Plaintiff was involved in a motor vehicle accident. [*See* Dkt. No. 114-1 at 2; Dkt. No. 117 at 5]. The driver and passenger of the other vehicle filed a

personal injury lawsuit against Plaintiff for injures sustained during the accident ("the underlying lawsuit").[1]  [*See id.*].  Carolina Casualty retained the services of the Law Offices of Floyd G. Cottrell ("Cottrell") to represent Plaintiff in the underlying lawsuit.  [*See id.*].  The jury returned a verdict above Cottrell's pre-trial projection, and the final judgment exposed Plaintiff to $673,162.21 in excess of the remaining policy limits.  [*See* Dkt. No. 114-1 at 3; Dkt. No. 117 at 5].

Approximately one year later, Plaintiff filed its Initial Complaint in the Western District of Pennsylvania against Carolina Casualty alleging breach of fiduciary duty, breach of contract and bad faith resulting from Carolina Casualty's failure to settle the underlying lawsuit within policy limits.  [*See generally* Dkt. No. 1].  After Carolina Casualty answered, Plaintiff filed an Amended (and currently operative) Complaint naming Cottrell as an additional defendant and alleging breach of fiduciary duty and professional negligence.  [*See generally* Dkt. No. 16].  On July 7, 2014, the matter was transferred to this Court.  [*See* Dkt. No. 45].

Following the transfer, the Court entered a Scheduling Order and the parties engaged in extensive paper and deposition discovery.  [Dkt. No. 114-1 at 3; Dkt. No. 117 at 6].  During this time, Cottrell noticed the depositions of two Wells Fargo employees, which took place on March 9, 2015.  [*Id.*].  On March 25, 2015, the Court entered an Amended Scheduling Order, which permitted the parties to make amendments to pleadings until April 15, 2015.  [Dkt. No. 74].

On April 14, 2015, Cottrell filed a Third Party Complaint against Wells Fargo for contribution.  [Dkt. No. 75].  According to Cottrell, Wells Fargo monitored and rendered services in the underlying lawsuit, knew the claims exceeded the policy limits and allegedly had a duty to manage the claims prudently, but failed to do so.  [*See generally id.*].  Subsequently,

---

[1] The passenger's claims settled quickly, leaving only the driver's claims.  [*See* Dkt. No. 117 at 5 n.1].

Cottrell filed a Motion for Partial Summary Judgment and Wells Fargo filed a Motion to Dismiss Cottrell's Third Party Complaint.  [Dkt. Nos. 78, 90].  Discovery was largely stayed pending a decision on the aforementioned motions, both of which District Judge McNulty denied on March 17, 2016.  [Dkt. No. 102].  On July 14, 2016, after Wells Fargo had answered, the Court stayed discovery to allow the parties to engage in private mediation.  [Dkt. No. 110].  Before the discovery stay was lifted[2], Plaintiff filed the present motion, which Carolina Casualty and Cottrell do not oppose.  [*See* Dkt. No. 114-1 at 2].

## DISCUSSION

I.      **Applicable Standard for Plaintiff's Motion for Leave to File an Amended Complaint**

The threshold issue in resolving a motion to amend, which the Court considers *sua sponte*, is to determine whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2 (D.N.J. Apr. 15, 2013) (citing *Karlo v. Pittsburgh Glass Works, LLC,* No. 10–1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011) (internal quotations omitted)).  While leave to amend under Rule 15 is generally freely given, Rule 16 requires a party to demonstrate "good cause." *See id.* (citing Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4)).  Plaintiff has filed its present motion after the deadline set by the Court, therefore it must satisfy the Rule 16 good cause standard before the Court will turn to Rule 15.  *Sabatino*, 2013 WL 1622306, at *3 (and cases cited).

The Court has discretion to determine what kind of showing Plaintiff must make to satisfy the good cause requirement under Rule 16.  *See Phillips v. Greben,* No. 04–5590, 2006

---

[2] The discovery stay was lifted on October 7, 2016.  [Dkt. No. 122].

WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (internal quotations omitted).  Whether good cause

exists depends on the diligence of the moving party.  *Id.* (internal quotations omitted).  Under

some circumstances, good cause may be found based on a "mistake, excusable neglect or any

other factor which might understandably account for failure of counsel to undertake to comply

with the [s]cheduling [o]rder."  *Id.*  Often, courts will find a lack of good cause if the party had

knowledge of the potential claim before the deadline to amend has passed.  *See Stallings ex rel.*

*Estate of Stallings v. IBM Corp.,* No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009)

(*citing Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd.,* 148 Fed. Appx. 82, 85 (3d Cir. 2005)

(defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession

of the facts underlying the proposed counterclaim well before the amendment deadline.")); *In re*

*Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08-2177, 2012 WL 406905, at *4 (D.N.J. Feb. 7,

2012) (same).

        Plaintiff avers that significant factual developments have occurred warranting its present

leave to file a motion to amend.  [Dkt. No. 114-1 at 1].  Among the new information that has

arisen, Plaintiff cites the March 2015 Wells Fargo depositions, the filing of Cottrell's Third Party

Complaint and a June 2016 affidavit prepared by an expert in claims risk management and

circulated by Cottrell in support of its Third Party Complaint ("the June 2016 affidavit").  [*Id.* at

4-5].  Plaintiff was privy to the March 2015 Wells Fargo depositions and Cottrell's Third Party

Complaint prior to the deadline set forth in the Amended Scheduling Order, albeit the latter was

filed one day prior to the deadline.  [*See id.*].  Of import, discovery was largely stayed after the

filing of Cottrell's Third Party Complaint until the Court issued a decision on the dispositive

motions filed by Cottrell and Wells Fargo.  After Wells Fargo filed its Answer, it appears that

discovery resumed, whereupon Cottrell circulated the June 2016 affidavit.  [*See id.* at 5-6].

Shortly thereafter, the parties requested a 60-day stay of discovery to allow the parties to engage in private mediation.  [Dkt. No. 110].  After the 60 days expired, but prior to the Court lifting the stay of discovery, Plaintiff filed its motion.

Based on these facts, the Court is hesitant to conclude that Plaintiff had full knowledge of its potential direct claims against Wells Fargo prior to the deadline to amend.  The Federal Rules are not meant to trap those who may be caught off guard—they are meant to assure fair, efficient and focused conduct of litigation.  *In re Merck & Co., Inc.*, 2012 WL 406905, at *5 (citing *Housing Authority of City of Jersey City v. Jackson,* 749 F. Supp. 622, 627 (D.N.J. 1990) (noting that the federal rules of civil procedure "are not designed to lay a subtle snare for the unwary pleader, but rather to avoid multiple lawsuits, except where a showing of oppression, prejudice or delay is made."); *Frommeyer v. L. & R. Construction Co.,* 139 F. Supp. 579, 585 (D.N.J. 1956) ("[t]he aim of procedural rules is facilitation not frustration of decisions on the merits")).  It appears that Plaintiff exercised reasonable diligence after receiving the June 2016 affidavit, and filed its motion for leave to amend in a timely manner.  *See Sabatino,* 2013 WL 1622306, at *6 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.,* No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).  Therefore, the Court finds good cause exists for Plaintiff to amend its complaint.

## II.  Plaintiff Otherwise Meets the Standard for Granting Leave Under Rule 15

### A.  Rule 15 Liberal Standard

The decision of whether to grant leave to amend is always within the discretion of the court.  *See Fourte v. Countrywide Home Loans, Inc.*, No. 07-1363, 2009 WL 2998110, at *7 (D.N.J. Sept. 15, 2009) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).  Pursuant to Federal Rule of Civil Procedure 15(a), leave of court to amend

pleadings "shall be freely given as justice so requires."  Fed. R. Civ. P. 15(a).  Whether to allow

such amendments is within the discretion of the court.  *See Lorenz v. CSX Corporation,* 1 F.3d

1406, 1413–14 (3d Cir. 1993) (citing *Foman,* 371 U.S. at 182).  Although the rule requires that

leave to amend be "freely given," it is appropriate to deny such a request in the event that the

court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, or futility of the amendment."  *Id.* (and cases cited).

The Third Circuit has established that "prejudice to the non-moving party is the

touchstone for the denial of an amendment."  *Cornell & Co. v. Occupational Safety & Health

Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978).  While mere delay is insufficient to constitute

denial of leave to amend, a delay in asserting an amendment may cause prejudice sufficient to

warrant such a denial.  *See Phillips v. Borough of Keyport,* 179 F.R.D. 140, 144 (D.N.J. 1998).

Thus, the proper standard requires balancing the length of the delay against the resulting

prejudice.  *Id.*  Moreover, the court should balance concerns of possible prejudice to the non-

moving party against the moving party's reason for delay in seeking to amend.  *Coventry v.

United States Steel Corp.,* 856 F.2d 514, 520 (3d Cir. 1988) (citing *Adams v. Gould, Inc.,* 739

F.2d 858, 868–69 (3d Cir. 1984), *cert denied,* 469 U.S. 1122, 105 S. Ct. 806, 83 L.Ed.2d 799

(1985)).  Prejudice to the nonmoving party is greater when the amendment requires a reopening

of discovery and less when application of a new issue of law to already existing facts will

facilitate a ruling.  *See Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469

(D.N.J. 1990).

### B. Analysis

Plaintiff wishes to bring direct claims against Wells Fargo for breach of fiduciary duty, breach of contract and professional negligence.  Plaintiff claims that in the years during and subsequent to the underlying suit, Wells Fargo was under contract with it to provide risk and claims management services, claims assistance and claims analysis.  [Dkt. No. 114-1 at 3]. Plaintiff further proffers that the March 2015 Wells Fargo depositions revealed "a great deal of previously unknown information," as did the June 2016 affidavit.  [*See id.* at 4-5].  Plaintiff avers that the depositions, in conjunction Cottrell's Third Party Complaint and the June 2016 affidavit, led to a determination that Wells Fargo was directly liable to Plaintiff for its damages.  [*Id.* at 5].

In opposition, Wells Fargo argues that Plaintiff's motion for leave to amend should be denied for three reasons.  First, Wells Fargo argues that Plaintiff's proposed causes of action are time-barred by Pennsylvania's two-year statute of limitations governing tort claims.[3]  [Dkt. No. 117 at 4].  Next, it argues that Plaintiff's motion should be denied due to "undue and protracted delay" in its filing.  [*Id.*].  Finally, it argues that granting Plaintiff's motion would result in undue prejudice, as Wells Fargo would be forced to defend new causes of action towards the end of fact discovery.  [*Id.*].  The Court will address these arguments in turn.

Wells Fargo first argues that Plaintiff's proposed causes of action as to breach of fiduciary duty and professional malpractice, if allowed, would be futile as they are time-barred. Specifically, it argues that a verdict in the underlying litigation was rendered on October 4, 2012, therefore any related action by Plaintiff against Wells Fargo must have been instituted within Pennsylvania's two-year statute of limitations governing tort claims.  [*Id.* at 10].

---

[3] Pursuant to a Client Services Agreement between Plaintiff and Wells Fargo, it appears that the parties' relationship was to be governed by Pennsylvania law.  [Dkt. No. 114-2 at 6].

With regard to any futility analysis, Wells Fargo's arguments in opposition to Plaintiff's motion for leave to amend would overlap significantly with those made in support of a motion to dismiss. The Court, in its discretion, will not consider the futility arguments in connection with its review of Plaintiff's present motion. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015) (and cases cited). In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id.* at *8; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 WL 3817295, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss).

Wells Fargo next argues that Plaintiff's motion was filed with undue delay and, if granted, would result in undue prejudice to Wells Fargo. The Court finds these points unavailing. There is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue." *Fourte*, 2009 WL 2998110, at *8. Moreover, delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (and case cited). Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *See Adams,* 739 F.2d at 868 (and cases cited). Unless the delay at issue will prejudice the non-moving party, a movant does not need to establish compelling reasons for its delay. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981). In gauging prejudice, the Court should consider whether an amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or

8

"significantly delay the resolution of the dispute." *Ruotolo v. City of New York,* 514 F.3d 184, 192 (2d Cir. 2008) (and case cited).

While Plaintiff certainly could have sought an earlier amendment to its complaint, the Court does not find that Plaintiff's delay will unduly prejudice Wells Fargo.  Presently, no pre-trial conference has occurred and no trial date has been set.  Moreover, The Court recently extended fact discovery until May 31, 2017, effectively curing any prejudice to Wells Fargo.  *See Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 306 (D.N.J. 2003) (holding the same).  Wells Fargo argues that it will be prejudiced by the amount of additional discovery that it may have to perform in defense of entirely new and previously unaddressed allegations should Plaintiff's requested relief be granted.  [Dkt. No. 117 at 12].  Wells Fargo, however, has not demonstrated that it will be denied the opportunity to present facts or evidence to defend itself against Plaintiff's claims.  *See Koch Materials Co.*, 216 F.R.D. at 306.  Although this litigation has been ongoing for more than three years, it does not present the kind of situation that has often led courts to deny a motion to amend in the interest of judicial economy.  *See Fourte*, 2009 WL 2998110, at *9.

As a final matter, the Court does not find that Plaintiff acted with bad faith or dilatory motive.  Discovery was delayed pending decision on the dispositive motions filed by Cottrell and Wells Fargo.  After the motions were adjudicated, Cottrell circulated an affidavit prepared by an expert in claims risk management in support of its Third Party Complaint.  Shortly thereafter, the Court stayed discovery to allow the parties to engage in private mediation.  Before the discovery stay was lifted, Plaintiff filed its present motion.  Plaintiff claims that the June 2016 affidavit, in addition to other information developed in the prior year, led Plaintiff to seek direct damages against Wells Fargo.  Although Wells Fargo may suggest otherwise, the Court has no reasonable

basis to believe that Plaintiff was deliberately acting in bad faith or with a dilatory motive in raising the present motion.

Consequently, Plaintiff's motion for leave to amend the complaint and add Third-Party Defendant Wells Fargo as a direct defendant in this matter is **GRANTED**.

## CONCLUSION

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b), and for the reasons set forth above;

**IT IS** on the 27th day of February, 2017,

**ORDERED** that Plaintiff's Motion for Leave to File an Amend Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the proposed Amended Complaint within **fourteen (14) days** of this Order; and it is further

**ORDERED** that Defendants shall file a response to the Amended Complaint within **fourteen (14) days** of the filing of the new Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 114] accordingly.

s/James B. Clark, III
**JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**