UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEGHENY PLANT SERVICES, INC., | Civ. No. 14-4265 (KM) |
| Plaintiff, | OPINION |
| v. | |
| CAROLINA CASUALTY INSURANCE COMPANY; THE LAW OFFICES OF FLOYD G. COTTRELL, P.A., | |
| Defendants. | |
| THE LAW OFFICES OF FLOYD G. COTTRELL, P.A., n/k/a Cottrell, Solensky & Semple, P.A. | |
| Third-Party Plaintiff, | |
| v. | |
| WELLS FARGO INSURANCE SERVICES USA, INC., | |
| Third-Party Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the motion of defendant Wells Fargo Insurance Services USA, Inc. ("Wells Fargo") to dismiss Counts VI and VII of the Second Amended Complaint ("2AC", ECF no. 134) on statute of limitations grounds. For the reasons stated herein, the motion is denied.

1

## I. BACKGROUND

This action grows out of a state court judgment against Allegheny Plant Services, Inc. ("Allegheny"). Allegheny's liability insurer was defendant Carolina Casualty Insurance Company ("Carolina"). Robert Curley, injured in a motor vehicle accident as a result the negligence of Allegheny's driver, sued in state court and won a trial verdict that exceeded the $1 million limit of Allegheny's general liability policy by $673,162.21

Allegheny, plaintiff here, now sues Carolina, saying that Carolina is liable for the excess amount, despite the policy limit. Allegheny asserts against Carolina claims of breach of fiduciary duty (Count 1), breach of contract (Count 2), and bad faith under 42 Pennsylvania Cons. Stat. § 8371 (Count 3). Allegheny also sues the attorney that handled the personal injury case, the Law Offices of Floyd G. Cottrell, n/k/a Cottrell, Solensky & Semple, P.A. ("Cottrell") for breach of fiduciary duty (Count 4) and professional negligence (Count 5). Various counterclaims and cross-claims have been filed. Among these is Cottrell's third-party complaint for contribution against Wells Fargo Insurance Services USA, Inc. ("Wells Fargo"), filed on April 14, 2015. ("3PC", ECF no. 75) Discovery has proceeded on those claims.

On March 17, 2016, I filed an opinion and order denying the motion of Carolina for summary judgment, as well as the motion of Wells Fargo to dismiss Cottrell's third-party complaint. ("SJ Op.", ECF no. 103). In denying Wells Fargo's motion to dismiss, I stated the following:

> Cottrell seeks contribution under the New Jersey Joint Tortfeasors Contribution Law, N.J. Stat. Ann. § 2A:53A-1. That Act entitles a defendant against whom judgment has been entered in excess of his pro rata share to seek contribution from a joint tortfeasor. The key to a viable claim is "common liability to the plaintiff at the time the cause of action accrued." *Cherry Hill Manor Assocs. v. Faugno*, 861 A.2d 123, 127–28 (N.J. 2004) (joint liability distinguished from common or concurrent negligence).

2

> The Third Party Complaint is therefore contingent in nature. It adequately sets forth a claim that Wells Fargo contributed to a unitary injury suffered by Allegheny.

(SJ Op. 15) At that time, Allegheny had not itself filed any claim against Wells Fargo, but apparently it took the hint, and took a leaf from Cottrell's book.

On August 26, 2016, Allegheny moved to file a second amended complaint adding claims against Wells Fargo. (ECF no. 114; a redlined document highlighting the new material is at ECF no. 114-2.) By Letter Order (ECF no. 132), Magistrate Judge James B. Clark III analyzed that motion to amend under Fed. R. Civ. P. 16 and 15, and granted it. Within his discretion, Judge Clark elected to forgo a futility analysis under a Rule 12(b)(6) standard, reserving those issues for a subsequent motion to dismiss. (ECF no. 132 at 8)

The 2AC has now been filed. (ECF no. 134) It is currently the operative pleading. The 2AC differs from its predecessor in that it contains three new counts, asserted by Allegheny against Wells Fargo: Counts 6, 7, and 8.[1]

Count 6 (breach of fiduciary duty, 2AC ¶¶ 362–65) alleges that Wells Fargo breached a fiduciary duty that it owed to Allegheny when it failed to properly handle the Curley claim. Count 7 (professional negligence, 2AC ¶¶ 366–68) alleges that Wells Fargo handled the Curley claim negligently, thereby exposing Allegheny to excess liability. Count 8 (breach of contract, 2AC ¶¶ 369–74) alleges that Wells Fargo contracted to provide insurance risk advice to Allegheny, and that Wells Fargo provided substandard services that breached its duties under that contract.[2]

---

[1] The initial factual sections of the complaint have also been supplemented with related allegations. (*See* redline, ECF no. 114-2.) Particularly relevant to the statute of limitations issue raised on this motion are those at 2AC ¶ 293.

[2] In many respects, these allegations echo those of Cottrell's third party complaint ("3PC"), which alleges as follows: Wells Fargo is an insurance broker that also provides its clients with risk management services, claims assistance, and claims analysis. (3PC ¶ 6) On behalf of Carolina, Wells Fargo monitored and rendered services as to the Curley claim and trial. (3PC ¶¶ 14–19) Wells Fargo, which knew the claims exceeded the policy limits, allegedly had a duty to manage the claim prudently, but failed to do so, thus contributing to the loss for which Allegheny sues. (3PC ¶¶ 25–36)

3

Wells Fargo now moves under Fed. R. Civ. P. 12(b)(6) to dismiss Counts 6 and 7 (but not Count 8) of the 2AC on statute of limitations grounds. (ECF no. 137) Allegheny has filed an opposition (ECF no. 141), and Wells Fargo has filed a reply (ECF no. 142). The matter is fully briefed and ripe for decision.

## II. DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011).

From the seminal modern cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Third Circuit has extracted a three-step process for reviewing a complaint:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. See [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. See *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Under Fed. R. Civ. P. 8, the complaint's allegations must be factual, not conclusory, and they must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

4

### B. Analysis

Wells Fargo asserts that as to Counts 6 and 7 the applicable two-year statute of limitations has expired. The limitations period, says Wells Fargo, runs from the date of the state court verdict, October 4, 2012, and thus would have expired on October 4, 2014. True, this action was filed within the limitations period, on November 8, 2013. But Allegheny's claims against Wells Fargo first appeared in the 2AC. Wells Fargo moved to amend the prior complaint on August 26, 2016, and the 2AC was actually filed on March 13, 2017, well outside the two-year limitations period.

Wells Fargo states, and Allegheny agrees, that the applicable statute is 42 Pa. Cons. Stat. § 5524, Pennsylvania's two-year statute of limitations for tort claims, including professional negligence and breach of fiduciary duty. (*See* Motion brief ("WF Brf.", ECF no. 136, at 5) (citing *Cooper v. Sirota*, 37 F. App'x 46, 48 (3d Cir. 2002) (claim for professional negligence is governed by Pennsylvania's two-year statute of limitations); *Wachovia Bank, N.A. v. Ferretti*, 2007 PA Super 320, 935 A.2d 565 (Pa. Super. Ct. 2007) (recognizing that Pennsylvania's two-year statute of limitations applies to professional negligence claims); *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005) (recognizing that Pennsylvania's two-year statute of limitations applies to breach of fiduciary duty claims); *Maillie v. Greater De. Valley Health Care, Inc.*, 156 Pa. Commw. 582, 628 A.2d 528, 532 (Pa. Commw. Ct. 1993) (applying two-year statute of limitations to breach of fiduciary duty claim)). (*See also* Allegheny's opposition brief ("APS Brf."), ECF no. 141, at 6.)

The running of the limitations period may be delayed, however, under Pennsylvania's "discovery rule." The discovery rule provides that the limitations period does not begin to run "until the date the plaintiff discovered or should have discovered through the exercise of reasonable care that he was injured by another person's wrongful conduct." *Wilson v. El-Daief*, 964 A.2d 354, 361-62 (Pa. 2009). Again, Wells Fargo does not really quarrel with this as a general

proposition of law. (*See* Wells Fargo Reply Brief ("WF Reply"), ECF no. 142 at 2) (citing *Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 A.2d 606, 611 (Pa. 2000).)

The parties' positions diverge, however, when it comes to the application of the discovery rule in the context of this Rule 12(b)(6) motion. Citing state case law, Wells Fargo argues that the statute of limitations is "a question of law for the court to decide." (WF Brf. 5) That is an oversimplification at best. The *Erie* doctrine and the Rules Enabling Act dictate that the Federal Rules, not state law, govern the standards for a motion to dismiss, as well as the distribution of issues between judge and jury, in this federal court. *See Hanna v. Plumer*, 380 U.S. 460 (1965); *Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.*, 356 U.S. 525 (1958). Those federal standards, cited in Section II.A, *supra*, provide that dismissal is warranted only where the requirements of Rules 12(b)(6) and 8(c), as interpreted by *Twombly/Iqbal*, are met.

So the statute of limitations itself, as well as the attendant discovery rule, are substantive rules of state law that I must apply in this state-law case. I must apply federal pleading standards, however, to determine whether the statute of limitations requires dismissal of Counts 6 and 7 of the 2AC.

Those federal pleading standards have a peculiar application to the statute of limitations, which is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Nevertheless, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds—but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (§ 1983 case, citing *Schmidt*, 770 F.3d at 249).

> "Since the applicability of the statute of limitations usually involves questions of fact for the jury," *Van Buskirk v. Carey Can. Mines, Ltd.*, 760 F.2d 481, 498 (3d Cir. 1985), "if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)[,]" *Schmidt*, 770

6

F.3d at 249 (internal quotation marks, brackets, and citation omitted).

*Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017). In particular, to be sustainable, a statute of limitations dismissal must consider the applicability of tolling doctrines in an appropriate case. *See Wisniewski*, 857 F.3d at 157–58 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the § 1983 limitations period). I read that requirement to include such delaying doctrines as the discovery rule.

What all this means is that the statute of limitations will support dismissal under Rule 12(b)(6) only in the very clear case where a plaintiff has pled itself out of court. Indeed, the applicability of the statute of limitations will "usually" pose a question of fact for the jury, *Fried, supra,* unless it can be resolved on summary judgment.

Is this a clear case in which the discovery rule could not apply based on the facts as pled?[3] Allegheny proffers a number of facts (pled as allegations in the 2AC, particularly at ¶ 293) in support of its contention that it did not reasonably perceive that it possessed a cause of action against Wells Fargo until 2015. Here they are, as rendered in Allegheny's brief:

> In early 2015, Cottrell noticed the depositions of Wells Fargo employees John Higgins and Phillip Wakim. Both depositions occurred on March 9, 2015. During these depositions a great deal of previously unknown information was revealed to APS for the first time including but not limited to the following critical facts:
>
>> 1. Wakim never invited Cottrell to participate in the quarterly conference calls even though he had done so with defense counsel in other cases with other clients.
>>
>> 2. Wakim testified that he, "wasn't too far into the merits of the case," but instead was "just looking at the numbers."

---

[3] I note, by the way, that Allegheny makes a straightforward argument that its claims against Wells Fargo are saved by the discovery rule, and therefore are timely. It does not invoke the "relation back" doctrine of Rule 15(c), Fed. R. Civ. P.

7

3. Neither Higgins nor Wakim ever discussed with APS the dangers or potential for an excess judgment.

4. Wakim knew about the arbitration but had no knowledge of the results and never advised APS of same.

5. Wakim somehow had never learned of the bad faith letter sent just before the Curley trial.

6. Wells Fargo had failed to ever review the actual damages being asserted by Curley. To the contrary, Higgins testified that the extent of claimed damages came as a surprise to Wells Fargo, despite the fact that Curley's economic loss report in excess of $1.5 million had been issued months before the trial.

7. Higgins admitted that typically when there was a claim approaching the limits of coverage, Wells Fargo would advise clients of the risks involved but never did that for APS.

8. Wells Fargo does not know what CCIC ever did in terms of settlement negotiations in the Curley case.

9. Higgins was not aware of Curley's demand to settle the case for the remaining policy limits prior to trial or the fact that a "bad faith" letter had been sent by Curley's counsel.

10. Wells Fargo was unaware that Cottrell had failed to roperly serve and join a co-defendant that would have provided additional coverage to APS.

11. Well Fargo failed to undertake any discussion, advice, or action on APS' behalf following entry of the Curley judgment.

On April 14, 2015, Cottrell filed a third-party complaint against Wells Fargo for contribution sounding in breach of contractual and fiduciary duties. On or about June 8, 2016, Cottrell circulated an Affidavit of Merit of K. Viswanathan, in support of its complaint. Mr. Viswanathan is an expert in risk management services, claims assistance, and claims analysis. Mr. Viswanathan opined that based on various records and the testimony of Messieurs Higgins and Wakim that Wells Fargo had acted negligently.

Based on all of the new information which developed over the course of 2015 and 2016, APS determined for the first time that Wells Fargo, in addition to CCIC and Cottrell, was a cause of its damages.

(APS Brf. 4)

Now it is true, as Wells Fargo implies, that "discovery" does not mean discovery of every fact or piece of evidence that underlies a cause of action. Rather, the statute of limitations runs from the time that a plaintiff knew or in the exercise of reasonable diligence should have known of the injury and its cause. *See Cyclops*, 745 A.2d at 611. That, in Wells Fargo's view, occurred no later than the date of the state court verdict.

Wells Fargo may have a point. The trouble, however, is that its point would require the court to weigh the circumstances surrounding the genesis of this cause of action, and to assess what a plaintiff could or should have known at a particular time. That is a task of factual interpretation that does not readily lend itself to a Rule 12(b)(6) analysis. It requires factual development. As is "usually" the case for statute of limitations issues, *see Fried, supra,* this issue must be addressed on summary judgment or, if necessary, at trial.[4]

### III. CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss Counts 6 and 7 of the Second Amended Complaint is DENIED. An appropriate Order follows.

Dated: July 28, 2017

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

[4] For what it is worth, requiring that these matters be resolved *via* summary judgment or trial will probably make little practical difference to the progress of the case. Wells Fargo will remain in the case as a defendant under the contract claim, Count 8. Count 8 is based on many of the same facts, and discovery will therefore look much the same. In addition, Wells Fargo remains subject to Cottrell's third party claim.

9